UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————

JOHNNY WHITE,

                    Plaintiff,          07 Civ. 9350 (JGK)

          - against -                   OPINION & ORDER

LUIS MARSHALL,

                    Respondent.
————————————————————————

JOHN G. KOELTL, District Judge:


        The petitioner, Johnny White, seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  The petitioner was convicted of

Criminal Mischief in the Third Degree, in violation of N.Y. PENAL

LAW § 145.05, and Petit Larceny, in violation of N.Y. PENAL LAW

§155.25.  The petitioner was sentenced pursuant to New York's

persistent felony offender statute, N.Y. PENAL LAW § 70.10(1), to

an indeterminate prison term of fifteen years to life on the

count of criminal mischief, to run concurrently with a one-year

sentence on the count of petit larceny.  The petitioner

challenges his conviction on the grounds that his sentence under

the persistent felony offender statute was unconstitutional in

light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and

its progeny.

        The petitioner failed to exhaust this claim in the New York

State Courts.  Moreover, the claim that New York's persistent

felony offender statute is an unconstitutional violation of
Apprendi has now been rejected by the Court of Appeals for the
Second Circuit.  See Portalatin v. Graham, 07-1599-PR, 06-3550-
PR, 07-3588-PR, 2010 WL 4055571, at *20 (2d Cir. Oct 18, 2010)
(en banc).[1]  The petition must therefore be denied.

I.

By New York County Indictment Number 5130/01, filed on
August 29, 2001, the petitioner was charged with one count of
Criminal Mischief in the Third Degree, in violation of N.Y. PENAL
LAW § 145.05, one count of Petit Larceny, in violation of N.Y.
PENAL LAW § 155.25, and one count of Criminal Possession of Stolen
Property in the Fifth Degree, in violation of N.Y. PENAL LAW
§165.40.  On August 14, 2002, a jury found the petitioner guilty
of third-degree criminal mischief and petit larceny.

The prosecutor sought to have the petitioner adjudicated a
persistent felony offender pursuant to the persistent felony
offender statute, N.Y. PENAL LAW § 70.10, on the basis of his 1995
conviction for fourth-degree possession of a controlled
substance, and his 1993 conviction for fourth-degree grand
larceny.  That statute defines a "persistent felony offender" as

---

[1] Although it appeared that this petition should be denied on the basis of exhaustion, the Court agreed to hold the
petition at the petitioner's request until there was a definitive ruling on the constitutionality of New York's persistent
felony offender statute.  Although it is possible that the decision of the Court of Appeals may be reviewed by the
Supreme Court, there is no basis to continue to defer decision of this petition because the failure to exhaust state
remedies bars relief in any event.

"a person, other than a persistent violent felony offender as defined in section 70.08, who stands convicted of a felony after having previously been convicted of two or more felonies."  N.Y. PENAL LAW § 70.10(1).  The statute also provides that when a defendant has been found to be a persistent felony offender, and when the court "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest," the court may impose an enhanced sentence of imprisonment defined as the sentence that a defendant who committed an "A-I" felony would receive under the relevant sentencing statute.  See id. §70.10(2).  The term of imprisonment for an A-I felony is an indeterminate sentence with a minimum of fifteen to twenty-five years and a maximum of life imprisonment.  N.Y. PENAL LAW § 70.00. The associated criminal procedure law, N.Y. CRIM. PROC. LAW ("C.P.L.") § 400.20, specifies procedures that courts must follow to impose a persistent felony offender sentence.

On January 27, 2003, the trial court held a hearing to determine whether the enhancement should apply.  After the petitioner admitted two of his prior felony convictions and declined to present a constitutional challenge to these convictions, the trial court then adjudicated him a discretionary persistent felony offender pursuant to N.Y. PENAL

3

LAW § 70.10(1)(a).  Following arguments and submissions by both counsels, the trial court concluded that, in view of his criminal history, the petitioner constituted a threat to public safety and appeared incapable of rehabilitation.  The trial court then sentenced the petitioner to an indeterminate prison term of fifteen years to life for the count of criminal mischief, to run concurrently with a one-year sentence for the count of petit larceny.

The petitioner subsequently filed a brief in the Appellate Division, First Department.  The petitioner contended that: (1) the evidence supporting a conviction of criminal mischief in the third-degree was legally insufficient where the prosecutor failed to prove that the cost of repair exceeded $250, and; (2) his sentencing as a discretionary persistent felony offender was unconstitutional, depriving the petitioner of his rights to a jury trial, due process and indictment by a grand jury.  The prosecutor filed an opposing brief that argued that the petitioner's sentencing was permissible under New York law (citing People v. Rivera, 833 N.E.2d 194 (N.Y. 2005), and People v. Rosen, 752 N.E.2d 844 (N.Y. 2001)).  On May 4, 2006, the Appellate Division, First Department unanimously affirmed the petitioner's conviction.  People v. White, 813 N.Y.S.2d 718 (1st Dep't 2006).  With respect to the petitioner's claim that his sentencing as a discretionary persistent felony offender was

4

unconstitutional, the court held that "[t]he [trial] court properly exercised its discretion in sentencing defendant as a persistent violent felony offender.  Defendant's constitutional challenge to the procedure under which he was thus sentenced is unpreserved for appellate review and, in any event, is without merit."  White, 813 N.Y.S.2d at 719 (citing Rivera, 833 N.E.2d 194; Rosen, 752 N.E.2d 844).  Thereafter, on July 10, 2006, the petitioner sought leave to appeal to the New York Court of Appeals.  On July 20, 2006, the petitioner's leave application was denied.

This petition was filed on October 18, 2007.  In its opposition brief, the respondent contends that the petitioner failed to exhaust his remedies in state court by failing to appeal the Appellate Division's denial of his Apprendi claim to the New York Court of Appeals.  The respondent concludes that, because this claim can no longer be raised in state court, the claim should be deemed exhausted but procedurally barred.[2]

II.

The federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c), "embodies the long-established principle" that a state prisoner seeking federal habeas review of his conviction

---

[2] The respondent withdrew a claim that the petitioner's Apprendi argument was barred by the state court's reliance on an independent and adequate state procedural bar.  See Fleischmann, July 13, 2010, letter.

5

normally must first exhaust available state remedies.  Daye v. Attorney General, 696 F.2d 186, 190 (2d Cir. 1982); see also Picard v. Connor, 404 U.S. 270 (1971).  Specifically, 28 U.S.C. § 2254(b) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  The exhaustion requirement that federal courts not exercise habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law "springs primarily from considerations of comity."  Daye, 696 F.2d at 191.  It "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Id.

"Exhaustion of available state remedies requires presentation of the claim to the highest state court from which a decision can be had."  Id. at 190 n.3.  In order to exhaust a claim before the state's highest court, "a defendant must give that court a fair opportunity to pass on [the defendant's] federal claim."  Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000).  "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and legal premises of the claim he

asserts in federal court." <u>Daye</u>, 696 F.2d at 191.  This means, in essence, "that in state court the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." <u>Id.</u> at 192.

In the present case, the respondent contends that the petitioner failed to raise his <u>Apprendi</u> claim when he sought leave to appeal to the New York Court of Appeals.  The petitioner responds that he did raise the <u>Apprendi</u> claim, although he concedes that his application for leave to appeal focused primarily on the insufficiency of the evidence claim.

A review of the petitioner's state court filings clearly establishes that the petitioner failed to raise his <u>Apprendi</u> claim in seeking leave to appeal to the New York Court of Appeals.  In both his letter to Chief Judge Kaye of the New York Court of Appeals and his subsequent letter to Judge Graffeo of the New York Court of Appeals, the petitioner does not mention his <u>Apprendi</u> claim at all.  Instead, the petitioner only discusses his insufficiency of the evidence claim.  In the petitioner's letter to Judge Kaye, he specifically argues that "[t]he reviewable and leave-worthy issues sought to be raised on appeal to the Court of Appeals center around the insufficiency of the evidence to convict Mr. White of the Criminal Mischief in the Third Degree count."  In the petitioner's letter to Judge Graffeo, he similarly writes that "[t]he leave-worthy issue in

7

this case is whether appellant's rights under the Sixth and Fourteenth Amendments were violated by the First Department's refusal to consider the issue of the insufficiency of evidence to support the necessary element of value in defendant's conviction of Criminal Mischief in the Third Degree." At no point in either letter does the petitioner mention his Apprendi claim. Under these circumstances, the New York Court of Appeals was not apprised of the petitioner's Apprendi claim. The Court of Appeals did not have "a duty to look for a needle in a paper haystack." Mele v. Fitchburg Dist. Court, 850 F.2d 817, 822 (1st Cir. 1988); see also Petrucelli v. Coombe, 735 F.2d 684, 689 (2d Cir. 1984). For a "federal court to hold that a state court had the opportunity to rule on a constitutional claim as to which no ruling was requested, and then to rule on the merits of the claim itself, would undermine the very considerations of comity that the rules of exhaustion were designed to protect." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). Therefore, the petitioner failed to exhaust his state remedies on his Apprendi claim.

Further, New York procedural rules plainly bar the petitioner from now attempting to raise his Apprendi claim before the New York Court of Appeals. The petitioner cannot seek leave to appeal this claim in the Court of Appeals because he has already made the one request for leave to appeal to which

8

he is entitled.  See N.Y.C.R.R. § 500.20(a).  Moreover, the
petitioner's claim of an improper sentence would not be
reviewable under N.Y. C.P.L. § 440.20 because the claim would be
procedurally barred pursuant to § 440.20(2).  That provision
requires denial of a C.P.L. § 440.20 motion where the issue was
previously determined on the merits on appeal and there has been
no retroactive change in the relevant law at the time the appeal
was decided.  The Apprendi issue was decided adversely to the
petitioner by the Appellate Division, First Department, on his
original appeal, and there has been no retroactive change in the
law.

      Where "'the petitioner failed to exhaust state remedies and
the court to which the petitioner would be required to present
his claims in order to meet the exhaustion requirement would now
find the claims procedurally barred,' federal habeas courts also
must deem the claims procedurally defaulted." Aparicio v.
Artuz, 269 F.3d 78, 90 (2d Cir. 2001) (quoting Coleman v.
Thompson, 501 U.S. 722, 735 n.1 (1991)).  Courts will not review
the merits of a procedurally defaulted claim unless the
petitioner can show (1) cause for the default and actual
prejudice resulting therefrom; or (2) that failure to consider
the claim will result in a fundamental miscarriage of justice.
Aparacio, 269 F.3d at 91.

The existence of "cause" for a procedural default on appeal "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  In the present case, the petitioner attempts to show "cause" by contending that, in light of Rivera, the New York Court of Appeals would have likely rejected the petitioner's Apprendi argument.  However, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"  Bousley v. Unite States, 523 U.S. 614, 623 (1998) (quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)).  Because the petitioner has never alleged any external impediment that might have prevented him from raising his Apprendi claim to the New York Court of Appeals and has pointed to no other showing of cause, he has not adequately established cause.  The petitioner also cannot establish prejudice because his claim that the New York persistent felony statute violates Apprendi has been rejected by the Court of Appeals for the Second Circuit.  See Portalatin, 2010 WL 4055571.  The petitioner has also failed to establish that there was a miscarriage of justice because he has failed to show that he is factually innocent of being a persistent felony offender.

Therefore, the petitioner's claim that New York's persistent felony statute is unconstitutional under <u>Apprendi</u> is unexhausted and procedurally barred and therefore provides no basis for his claim to federal habeas relief.

### III.

As explained at the outset, the petitioner's claims must also be denied on the merits because the Court of Appeals for the Second Circuit has now determined that New York's persistent felony offender statute is not a violation of <u>Apprendi</u>.  <u>See</u> <u>Portalatin</u>, 2010 WL 4055571, at *20.

### CONCLUSION

All arguments not addressed are either moot or without merit. For the reasons explained above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**.

The Court declines to use a certificate of appealability because the petitioner has failed to make a substantial showing of the denial of a Constitutional right. <u>See</u> 28 U.S.C. §2253(c).  The Clerk is directed to enter judgment dismissing this petition and closing the case.

**SO ORDERED.**

Dated:     New York, New York
           November 17, 2010

John G. Koeltl
United States District Judge

11